Case No. 23-55714

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHAYA LOFFMAN, ET AL.,

*Plaintiffs – Appellants,*

v.

CALIFORNIA DEPARTMENT OF EDUCATION, ET AL.,

*Defendants – Appellees.*

On Appeal from the United States District Court for the
Central District of California
District Court No. 2:23-cv-001832-JLS-MRW
The Honorable Josephine L. Staton

**THE STATE APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD**

LEN GARFINKEL, State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
THOMAS H. PROUTY, State Bar No. 238950
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
*Attorneys for the State Appellees*
*The California Department of Education*
*and Superintendent of Public Instruction*

# TABLE OF CONTENTS
# FOR THE STATE APPELLEES'
# SUPPLEMENTAL EXCERPTS OF RECORD

| TAB | TITLE | DISTRICT COURT DOCKET NO. | SER PAGE NOS. |
|---|---|---|---|
| 1 | Excerpts from Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction | Dkt. 28-1 | CDE-SER001-006 |
| 2 | Excerpts from Amended Joint Rule 26(f) Report | Dkt. 56 | CDE-SER007-012 |

Eric C. Rassbach (CA SBN 288041)
erassbach@becketlaw.org
Daniel L. Chen (CA SBN 312576)
Laura Wolk Slavis (DC Bar No. 1643193)
Brandon L. Winchel* (CA SBN 344719)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., Suite 400
Washington, DC 20006
202-955-0095 tel. / 202-955-0090 fax

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYA LOFFMAN and JONATHAN LOFFMAN, on their own behalf and on behalf of their minor child M.L.; FEDORA NICK and MORRIS TAXON, on their own behalf and on behalf of their minor child K.T.; SARAH PERETS and ARIEL PERETS, on their own behalf and on behalf of their minor child N.P.; JEAN & JERRY FRIEDMAN SHALHEVET HIGH SCHOOL; and SAMUEL A. FRYER YAVNEH HEBREW ACADEMY,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION; TONY THURMOND, in his official capacity as Superintendent of Public Instruction; LOS ANGELES UNIFIED SCHOOL DISTRICT; and ANTHONY AGUILAR, in his official capacity as Chief of Special Education, Equity, and Access,<br><br>Defendants. | Case No.: 2:23-cv-01832-JLS-MRW<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: July 21, 2023<br>Time: 10:30 AM<br>Courtroom: 8A<br>Judge: Hon. Josephine L. Staton |

\* Not a member of the DC Bar; admitted in California. Practice limited to cases in federal court.

## INTRODUCTION

This case poses a very simple question: May the government exclude religious individuals and institutions from a public benefit for no other reason than that they are religious? The Supreme Court has recently and repeatedly answered that question in the negative, holding in *Carson v. Makin*, *Espinoza v. Montana Department of Revenue*, and *Trinity Lutheran v. Comer* that "the exclusion of [a religious party] from a public benefit for which it is otherwise qualified, solely because it is [religious], is odious to our Constitution." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 467 (2017).

The Supreme Court's answer is both the beginning and the end of this case. Under California's implementation of the Individuals with Disabilities Education Act, all private schools who meet certain eligibility criteria may become certified to receive children with disabilities as alternatives to a public school education—but only so long as they are "nonsectarian." But binding Supreme Court precedent declares such a restriction to be a clear-cut violation of the First Amendment, functioning to coerce religious individuals and schools into choosing between their faith and a public benefit to which they would otherwise be entitled.

This is precisely the effect that California's "nonsectarian" restriction has had on Plaintiffs. Plaintiffs are Orthodox Jewish parents and their children with disabilities who seek placement in Jewish schools, as well as two Orthodox Jewish schools who wish to explore becoming certified for such placements. Plaintiffs hold the sincere religious conviction that providing a religious education to children with disabilities is imperative, just as it is for nondisabled children. Yet California's regime forces Jewish

parents to the choice of either following their faith or self-funding the often exorbitant costs of the tools and services needed to allow their children with disabilities to thrive. If they cannot absorb these costs, day by day and year by year, their children are irreparably deprived of a religious education. And if they can somehow manage the burden, they must labor under a unique penalty imposed on them by the government solely because they have chosen to exercise their faith. Meanwhile, the Orthodox Jewish schools who feel compelled by faith to explore certification are told in no uncertain terms by the government that, because they are religious, they need not apply.

California's explicit discrimination toward religious families and schools simply cannot be reconciled with the First Amendment and Supreme Court precedent. This Court should grant a preliminary injunction against California's constitutional violation, allowing parent Plaintiffs to obtain the religious education their Plaintiff children with disabilities deserve, and Plaintiff schools the right to serve them.

## FACTUAL AND LEGAL BACKGROUND

**A. The Individuals with Disabilities Education Act**

Congress passed the Individuals with Disabilities Education Act (IDEA) in 1990 as part of our "national policy of ensuring equality of opportunity, full participation, independent living, and economic self-sufficiency for individuals with disabilities." 20 U.S.C. § 1400(c)(1). Building off the 1975 Education for All Handicapped Children Act, IDEA served as the latest in a twenty-five-year-long legislative effort to strengthen programs that would "provide for the education of all children with disabilities" and eradicate the historical discrimination preventing children with disabilities from receiving a mainstream education—or any education at all. *See* 20 U.S.C. § 1400(c)(2),

given nonkosher food to eat. *Id.* ¶¶ 22-25. School officials have even explicitly questioned the Peretses' interpretation of Jewish law, instructing them to send N.P. to school during the Jewish holiday Sukkot. *Id.* ¶¶ 26-28. But like the Taxons, California's nonsectarian requirement prohibits the Peretses from advocating that N.P. be placed in an Orthodox Jewish school. *Id.* ¶ 30. Instead, he remains in public school, where day by day he loses the opportunity to receive an education crucial to nurturing his faith and supporting his disability. *Id.* ¶ 31.

**D. School Plaintiffs' attempts to support students with disabilities**

The Jean & Jerry Friedman Shalhevet High School and the Samuel A. Fryer Yavneh Hebrew Academy are co-educational, dual-curriculum Orthodox Jewish schools located in Los Angeles, California. Block Decl. ¶¶ 2-3; Einhorn Decl. ¶¶ 2-3. They are committed to helping Orthodox Jewish parents fulfill their duty to provide an Orthodox Jewish education to their children. Block Decl. ¶¶ 4-7; Einhorn Decl. ¶ 5. As such, alongside secular studies, Shalhevet and Yavneh emphasize a "deep commitment to Torah." Block Decl. ¶ 6; *see also* Einhorn Decl. ¶¶ 3-6.

Shalhevet and Yavneh both believe it is important to create a learning environment that includes as many in the Jewish community as possible, including students with disabilities. Block Decl. ¶¶ 9-10; Einhorn Decl. ¶ 9. As Shalhevet explains, "the Torah commands members of the Jewish community to care for the most vulnerable, including those with disabilities. The Torah further commands us to go and seek out the most vulnerable among us and to welcome them into our community, rather than waiting for them to approach us." Block Decl. ¶ 10. However, accommodating the needs of students with disabilities often requires considerable financial resources, which Shalhevet and

1  Yavneh lack. Block Decl. ¶ 12; Einhorn Decl. ¶ 11. To obtain these needed resources,
2  Shalhevet and Yavneh would like to explore NPS certification. But they cannot even
3  begin the process without being put to an "impossible choice": attest that they are
4  nonsectarian (and so give up their religious identity) or forgo altogether the opportunity
5  to provide these services. Block Decl. ¶¶ 14-15; Einhorn Decl. ¶¶ 13-14. Shalhevet and
6  Yavneh refuse to "disavow [their] religious character as a Jewish educational
7  institution," and so they are categorically prohibited from exploring NPS certification.
8  Block Decl. ¶¶ 15-16; Einhorn Decl. ¶¶ 14-15.

9  **E. This lawsuit**

10  On March 13, 2023, Plaintiffs filed this lawsuit. Dkt. 1. Plaintiffs now seek
11  preliminary relief on Counts I, III, and V of the Complaint.

## STANDARD OF REVIEW

13  Preliminary injunctions are appropriate where a plaintiff "establish[es] that he is
14  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence
15  of preliminary relief, that the balance of equities tips in his favor, and that an injunction
16  is in the public interest." *Klein v. City of San Clemente*, 584 F.3d 1196, 1199 (9th Cir.
17  2009). The Ninth Circuit employs a "version of the sliding scale approach" where "a
18  stronger showing of one element may offset a weaker showing of another." *All. for the
19  Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In considering the likely
20  success on the merits, "[i]t is well established that trial courts can consider otherwise
21  inadmissible evidence in deciding whether or not to issue a preliminary injunction."
22  *Rubin ex rel. NLRB v. Vista Del Sol Health Servs. Inc.*, 80 F. Supp. 3d 1058, 1072 (C.D.
23  Cal. 2015); *see Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). And "a party

determined that they were "wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The relevant "amount" required to preserve Defendants' interests is thus zero. *Id*.

## CONCLUSION

The Court should grant a preliminary injunction barring defendants from enforcing the "nonsectarian" requirement in Cal. Educ. Code §§ 56365 and 56366.

Dated: May 22, 2023

Respectfully submitted,

/s/ *Eric C. Rassbach*
Eric C. Rassbach (CA SBN 288041)
erassbach@becketlaw.org
Daniel L. Chen (CA SBN 312576)
Laura Wolk Slavis (DC Bar No. 1643193)
Brandon L. Winchel* (CA SBN 344719)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., Suite 400
Washington, DC 20006
202-955-0095 tel. / 202-955-0090 fax

* Not a member of the DC Bar; admitted in California. Practice limited to cases in federal court.

*Attorneys for Plaintiffs*

Eric C. Rassbach (CA SBN 288041)
erassbach@becketlaw.org
Nicholas R. Reaves (DC Bar No. 1044454)
Daniel L. Chen (CA SBN 312576)
Laura Wolk Slavis (DC Bar No. 1643193)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., Suite 400
Washington, DC 20006
202-955-0095 tel. / 202-955-0090 fax

*Attorneys for Plaintiffs*

LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
THOMAS PROUTY. State Bar No. 238950
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
E-mail: TProuty@cde.ca.gov

*Attorneys for Defendants California Department of Education and Tony Thurmond, in his official capacity as Superintendent of Public Instruction*

SUE ANN SALMON EVANS, State Bar No. 151562
sevans@DWKesq.com
WILLIAM G. ASH, State Bar No. 324122
wash@DWKesq.com
Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1070
Long Beach, CA 90802
Telephone: 562.366.8500
Facsimile: 562.366.8505

*Attorneys for Defendants Los Angeles Unified School District and Anthony Aguilar*

CDE-SER007

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYA LOFFMAN and JONATHAN LOFFMAN, on their own behalf and on behalf of their minor child M.L.; FEDORA NICK and MORRIS TAXON, on their own behalf and on behalf of their minor child K.T.; SARAH PERETS and ARIEL PERETS, on their own behalf and on behalf of their minor child N.P.; JEAN & JERRY FRIEDMAN SHALHEVET HIGH SCHOOL; and SAMUEL A. FRYER YAVNEH HEBREW ACADEMY,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION; TONY THURMOND, in his official capacity as Superintendent of Public Instruction; LOS ANGELES UNIFIED SCHOOL DISTRICT; and ANTHONY AGUILAR, in his official capacity as Chief of Special Education, Equity, and Access,<br><br>    Defendants. | Case No.: 2:23-cv-01832-JLS-MRW<br><br>**AMENDED JOINT RULE 26(f) REPORT**<br><br>Date: September 1, 2023<br>Time: 10:30 AM<br>Courtroom: 8A<br>Judge: Hon. Josephine L. Staton |

also contend that Plaintiffs are barred from seeking and recovering any damages in this action.

**Plaintiffs' position regarding the Court's August 9th Ruling (Dkt. 50)**: On August 9, 2023, this Court determined that Plaintiff Schools and the Loffmans lacked standing, dismissing Plaintiff Schools with leave to amend and the Loffmans without leave to amend. *See* Dkt. 50. The Court also found that the Taxons and Peretses had standing, but granted Defendants' motions to dismiss all claims on the merits and with prejudice as to the Taxons and Peretses. *Id.* The Court also found that sovereign immunity precluded claims against the California Department of Education and the Los Angeles Unified School District and dismissed those claims with prejudice.

**Defendants' position regarding the Court's August 9th Ruling (Dkt. 50)**: Defendants respectfully submit that the Court's 51-page ruling speaks for itself and that Plaintiffs' summary of the decision is imprecise.

On August 14, 2023, Plaintiffs filed a notice of appeal. Dkt. 51. Plaintiffs will be appealing the entirety of the district court's decision instead of amending their complaint. As such, no discovery is anticipated pending a decision from the Ninth Circuit. Per the Court's order dated July 19, 2023, *see* Dkt. 47, the parties nevertheless jointly submit a discovery plan based on the Court's presumptive deadlines.

**b. Legal issues:**

The following is a brief description of the key legal issues in this case:

1. Whether Defendants are violating the Free Exercise Clause of the First Amendment;
2. Whether Defendants are violating the Equal Protection Clause of the Fourteenth Amendment;
3. Whether Defendants are violating the unconstitutional conditions doctrine;
4. Whether Plaintiffs have standing to bring their claims, and consequently, whether this Court has jurisdiction to proceed;

The parties have not yet exchanged any discovery, including the initial disclosures required by Federal Rule of Civil Procedure 26(a). The parties will comply with the initial disclosure requirements pursuant to Rule 26(a). The parties propose that initial disclosures be exchanged no later than October 27, 2023.

**h. Discovery Plan**

On August 14, 2023, Plaintiffs filed a notice of appeal. Dkt. 51. Plaintiffs will be appealing the district court's decision instead of amending their complaint. As such, no discovery is anticipated pending a decision from the Ninth Circuit. Per the Court's order dated July 19, 2023, *see* Dkt. 47, the parties nevertheless jointly submit a discovery plan based on the Court's presumptive deadlines.

1. Rule 26(f)(3)(A)

Initial Disclosures will be exchanged no later than October 27, 2023.

2. Rule 26(f)(3)(B)

    a. Discovery Subjects

        i. Plaintiffs plan to seek discovery on Defendants' non-public school certification requirements, including but not limited to contractual requirements; Defendants' enforcement of non-public school requirements; Defendants' reasons and motivation for enforcement of those requirements, Defendants' application, interpretation, enforcement of, and compliance with state law; Defendants' decisions (if any) agreeing to waive any requirements for non-public school applicants; general information about the operation of Defendants' nonpublic school system; whether Defendants have permitted or denied any religious schools from being certified as non-public schools.

        ii. To the extent the Court does not dismiss Plaintiffs' claims, Defendants California Department of Education and Tony

Dated: August 25, 2023         Respectfully submitted,

/s/ *Eric C. Rassbach*
Eric C. Rassbach (CA SBN 288041)
erassbach@becketlaw.org
Nicholas R. Reaves (DC Bar No. 1044454)
Daniel L. Chen (CA SBN 312576)
Laura Wolk Slavis (DC Bar No. 1643193)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave., Suite 400
Washington, DC 20006
202-955-0095 tel. / 202-955-0090 fax

*Attorneys for Plaintiffs*

/s/ *Thomas Prouty*
LEN GARFINKEL State Bar No. 114815
General Counsel
BRUCE YONEHIRO, State Bar No. 142405
Assistant General Counsel
THOMAS PROUTY. State Bar No. 238950
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile: 916-322-2549
E-mail: TProuty@cde.ca.gov

*Attorneys for Defendants California Department of Education and Tony Thurmond, in his official capacity as Superintendent of Public Instruction*

/s/ *Sue Ann Salmon Evans*
SUE ANN SALMON EVANS, State Bar No. 151562
sevans@DWKesq.com
WILLIAM G. ASH, State Bar No. 324122
wash@DWKesq.com
Dannis Woliver Kelley
444 W. Ocean Blvd., Suite 1070
Long Beach, CA 90802
Telephone: 562.366.8500
Facsimile: 562.366.8505

*Attorneys for Defendants Los Angeles Unified School District and Anthony Aguilar*

## SIGNATURE ATTESTATION (L.R. 5-4.3.4)

I, Eric Rassbach, attest that all other signatories listed above, on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

/s/ *Eric C. Rassbach*
Eric C. Rassbach