

**CALIFORNIA DEPARTMENT OF EDUCATION**

**TONY THURMOND**
STATE SUPERINTENDENT OF PUBLIC INSTRUCTION

1430 N STREET, SACRAMENTO, CA 95814-5901 • 916-319-0800 • WWW.CDE.CA.GOV

April 3, 2024

*Via CM/ECF*

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re: *Loffman et al. v. Calif. Dept. of Ed., et al.*, 9th Cir. Case No. 23-55714
  FRAP 28(j) and Circuit Rule 28-6: Notice of Supplemental Authority
  Oral Argument Scheduled for May 7, 2024 (Pasadena)

Dear Ms. Dwyer:

Pursuant to FRAP 28(j) and Circuit Rule 28-6, the State Appellees in the above-referenced case provide notice of the Court's decision *Apache Stronghold v. United States*, 95 F.4th 608 (2024) (en banc). *Apache Stronghold* was issued on March 1, 2024, after all briefs were filed.

In their Answering Brief, the State Appellees argued that one of the reasons for affirming the district court's judgment is that a threshold element of a Free Exercise claim is that the challenged state action imposes a legally cognizable burden on the plaintiff's exercise of religion, and that this element is not met in the present case because, *inter alia,* the challenged state action only has application in the context of California securing for itself the help it needs to meet its IDEA obligations to provide its public education to children whose families have accepted free appropriate public education instead of enrolling in private school. (Dkt. 54-1 at 43-50.) In this regard, the State Appellees cited *Bowen v. Roy*, 476 U.S. 693 (1986) for the proposition that the Free Exercise Clause "does not 'require the Government *itself* to behave in ways that the individual believes will further his or her spiritual development or that of his or her family.'" (*Id.* at 43.)

*Apache Stronghold* supports that argument and is relevant to this case. In affirming the denial of a preliminary injunction on a Free Exercise claim because plaintiff had no likelihood of success, the majority of the en banc panel recognized the continued existence of a threshold burden element for Free Exercise claims, 95 F.4th at 620-26, as well as the continued vitality of the principles, recognized in *Bowen v. Roy*, *supra*, and other Supreme Court decisions, that the "'Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal procedures in ways that comport with the religious beliefs of particular citizens'" and that the clause "'does not afford an individual a right to dictate the conduct of the

Molly C. Dwyer
April 3, 2024
Page 2

Government's internal procedures.'" *Apache Stronghold*, 95 F.4th at 621 (quoting *Bowen v. Roy*, 476 U.S. at 699-700).

Respectfully Submitted,

/s/Thomas H. Prouty

Thomas Prouty, Deputy General Counsel
Counsel for the State Appellees

TP:sp